**J. C. PENNEY COMPANY, INC.**

v.

**SECURITY TIRE & RUBBER COMPANY, INC.**

Civ. A. No. 327–71–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 28, 1974.

Michael W. Smith, Richmond, Va., for plaintiff.

John O. Peters, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This is an action brought for an alleged trademark infringement and related unfair competition. Jurisdiction of the Court is invoked pursuant to 28 U. S.C. § 1332, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a)(b).

The Court has considered the pleadings, stipulations, testimony and exhibits, and concludes as follows:

Plaintiff, a Delaware corporation, is engaged in the retail mercantile business including the sale of automotive and bicycle tires through company owned stores and catalog.

Defendant is a Virginia corporation engaged principally in the wholesale business of automotive and truck tires and has one retail outlet.

The principal controversy centers around the use of two registered trademarks—"Scat-Trac F/X" and "Scat-Trac," registered by the plaintiff corporation and designated U. S. Trademark Registration Nos. 900,703 and 932,591.

Plaintiff complains of an alleged infringement of its federally registered trademarks "Scat-Trac F/X" and "Scat Trac" by virtue of defendant's adoption

and use on passenger motor vehicle tires of the terms Scat Cat and Scat Trac. The evidence discloses and the Court finds that plaintiffs adopted the mark "Scat-Trac" and used it to designate bicycle tires some time in 1966, and thereafter used it and variations thereof on motor vehicle tires. The Trademark Registrations refer to "automotive tires" in one instance and "pneumatic tires" in the other.

During the year 1966 the defendant, which had been engaged in the wholesale marketing of automotive tires since 1964, purchasing these from various manufacturers, sought a new tire of better appearance and entered into negotiations with Gates Tire Company which resulted in the manufacture by Gates of a tire designated by defendant as "Security Scat Cat" and first sold in 1967, the first public announcement of the offering being in July 1967, with production commencing shortly thereafter.

Defendant has since at least September 1967 sold its product in interstate commerce to 800 to 1100 independent dealers. Defendant's gross sales from its wholesale operation for the year preceeding trial was slightly in excess of five and one-quarter million dollars. All of defendant's tires bear the name Security and their "Scat Cat" tires are exclusively for use on passenger motor vehicles.

In the spring of 1969 the defendants commenced the use of the designation "Scat Trac" for passenger snow tires. While the Security "Scat Trac" tire is fabricated by use of what is designated as a "neutral mold," that is one which may be utilized for fabricating tires for others, their "Scat Cat" tire is made by use of Exclusive molds and a restamping of them would represent an expense in excess of $10,000.00.

Plaintiff, whose total general merchandise sales for the fiscal year 1972 amounted to almost five billion dollars, has been selling automotive tires, batteries and accessories designated in the trade as TBA products since 1963.

Plaintiff sells its TBA products through mail order catalogs and its chain of auto centers associated with approximately 300 of its general merchandise stores.

Both parties guarantee the quality of their respective tires to the purchasers thereof.

In 1969 plaintiff developed for sale their "Scat Trac" automotive tires designated "Scat-Trac F/X" for use on specialized motor vehicles, i. e., those whose owners wish to improve their performance or wish to convey a more automotively proficient appearance. Plaintiff presently sells four different tires designed "Scat-Trac F/X," "Scat-Trac 60," "Scat-Trac 70," and "Scat-Trac Baja," each of which has a specialized use.

■■ It is a common practice in the trade for automobile supply outlets to sell both automotive and bicycle tires, hence plaintiff's extension of its use of its mark from bicycle to automotive tires was a logical one. In April 1969, Penney entered the automotive tire field with its Scat-Trac F/X. Plaintiff as owner at common law of the trademark since June of 1966 had the right to expand and extend its trade under said mark. S. C. Johnson & Son v. Johnson, 2 Cir., 175 F.2d 176. This is so even though plaintiff's extension of its trade from bicycle tires to automotive tires began subsequent to defendant's sale of automotive tires designated Scat Cat. See Beech-Nut Packing Co. v. P. Lorillard Co., 273 U.S. 629, 632, 47 S.Ct. 481, 71 L.Ed. 810 (1926). A trademark is protected even though the precise product associated with it vanishes, providing its use is upon products of the same class, as here.

There can be little doubt that plaintiff's bicycle and automobile "Scat Trac" tires have received extensive advertising through the catalogs, as well as the usual commercial media, through which it has expended for the latter in excess of $300,000 since 1969.

The Court finds that defendants were without knowledge of plaintiff's prior

use of the trademark "Scat-Trac" for automotive tires until early 1970, and that immediately thereafter, filed applications to register the marks "Scat Cat" and "Scat Trac" with the United States Patent Office, claiming use of "Scat Cat" since "at least as early as September 1, 1967" and of "Scat Trac" at least as early as September 1, 1969."

Plaintiff, in its application with the United States Patent Office filed June 3, 1969 to register "Scat-Trac F/X" claimed April 2, 1969 as the date of its first use of that mark on "automotive tires."

The Court finds that plaintiff was the earlier user of the mark "Scat-Trac" which was prior to the adoption and use of the marks "Scat Cat" and "Scat Trac" by the defendant. Nevertheless, such use was, between 1966 and 1969, limited to bicycle tires and of a de minimus nature. Between May 1969 and September 1972, plaintiff increased its shipment of "Scat-Trac" tires from 659 to in excess of 300,000.

The evidence fails to disclose any knowledge on the part of plaintiff as to the defendant's use of the marks Scat-Trac and/or Scat-Cat for almost three years after defendant's first use of them. Defendants, on the other hand, had no knowledge of the mark used by Penney on its bicycle tires, (Scat-Trac), or its automotive tires, (Scat-Trac F/X), until some six years after use on bicycle tires and three years after use on automotive tires, hence while Penney was the prior user of the mark Scat-Trac, the Court is convinced that both parties adopted their respective marks in good faith and without knowledge of the other's use thereof.

The defendant's sale of its Scat Cat tires represents over half of its entire business operation.

The evidence further discloses that terminal marks such as Cat and Trac are not unusual for use in connection with automotive tires. Nevertheless, there is no evidence justifying such a conclusion with reference to the dominant word "Scat."

■ The test of infringement of a protected mark is one of confusing similarity. See Durox Company v. Duron Paint Mfg. Co., Inc., 320 F.2d 882, 884 (4th Cir. 1963).

As one would anticipate, plaintiff's extensive advertising of its tires greatly exceeds that of defendant's advertising of its Scat Cat and Scat Trac tires.

Defendant's efforts to register its marks Scat Cat and Scat Trac both as separate marks and distinguished by prefixing "S–Security" to each was rejected by the United States Patent Office.

Bearing in mind that the products of both parties are identical and sold through the same channels of commerce to car owners purchasing new tires, coupled with the fact that the defendant's retailers are in direct competition with plaintiff's auto centers, the likelihood of confusion, which exists by the marks alone, is magnified. The respective marks in issue resemble each other both in appearance and pronunciation and are likely to cause the purchasing public to be confused, mistaken or deceived. It is this fact which is the keystone test for infringement. See Durox Co. v. Duron Paint Mfg. Co., *supra* 320 F.2d 882, 884 (4th Cir. 1963).

Despite notice of infringement by plaintiff to defendant under date of June 18, 1970, defendant has continued unabated and unmodified the use of the marks in issue.

The Court finds that the plaintiff is, pursuant to 15 U.S.C. § 1051, the owner of the United States Trademark Registration No. 900,783 for the mark Scat-Trac F/X, issued October 13, 1970, and Registration No. 932,591 for the mark Scat-Trac, issued April 18, 1972 both validly subsisting and in full force and effect. Said registrations were issued to plaintiff as the owner of the common law rights in trademarks used in interstate commerce.

■ Plaintiff, for the reasons aforesaid, is entitled to injunctive relief. Nevertheless, as the Court has already stated, the adoption by defendant of the mark Scat Cat and/or Scat Trac was made prior to any knowledge of the plaintiff's use of its marks, and is a factor which the Court, bound to consider the principles of equity, must consider in developing an appropriate decree.

No evidence of any monetary damage to plaintiff has been introduced. Defendant's monetary business operation is minuscule when compared with plaintiff's. Injunctive relief to be awarded will, of necessity, require a change in defendant's business operation with its dealers—an injunction precluding defendant from fulfilling any outstanding orders or precluding an opportunity to orderly dispose of its stock which may infringe upon plaintiff's rights would be punitive

The Court, as previously noted, is cognizant of the fact that in June 1970 plaintiff notified defendant of its ownership of the marks. Nevertheless the parties were then in effect at issue as to their respective rights and such issue remained viable until this Court's instant ruling. The Court finds no basis for either the award of damages or the entry of a punitive decree. That defendant must cease and desist in the use of plaintiff's trademarks is now settled. The orderliness and the equitable manner in which this be accomplished is, in the Court's opinion, as follows:

Defendant shall cease and desist from the use of the marks "Scat Cat" and "Scat Trac" except as necessary to fulfill any contractual obligations it may now have for specific orders from its dealers for tires bearing said marks. Should any such orders be less than the amount of tires now in defendant's stock, defendant will be permitted to dispose of such excess providing same is accomplished within six (6) months of this date.

An appropriate decree will enter.